UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61487-CIV-DAMIAN

CARLOS ARMANDO MARTINEZ MONTE,

      Petitioner,

v.

BROWARD TRANSITIONAL CENTER,

      Respondent.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner Carlos Armando Martinez Monte's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"), Respondent's Response to Order to Show Cause [ECF No. 6] (the "Response"), and Respondent's Response to Order Directing Respondent to File Response [ECF No. 8] (the "Supplemental Response").

THE COURT has reviewed the Petition, the Response, the Supplemental Response, the record in this case, and is otherwise fully advised.

Petitioner challenges his continued immigration detention on due process grounds, alleging that the custody-redetermination hearing conducted on April 28, 2026, was fundamentally unfair because he did not receive adequate notice that bond would be addressed and, therefore, was unable to prepare or present evidence in support of his release. *See* Pet. at 2. Petitioner requests immediate release or, alternatively, a new bond hearing that complies with due process. *Id*.

After Respondent filed the Response, the Court directed Respondent to advise whether Petitioner had received a bond-redetermination hearing, explain the circumstances

under which the April 28, 2026 hearing was scheduled and conducted, and address whether Petitioner was afforded notice. [ECF No. 7]. Respondent thereafter filed the Supplemental Response, advising that Petitioner did receive written notice five days before the hearing. *See* ECF No. 8-1 ("Notice of Custody Redetermination Hearing"). At the hearing, the Immigration Judge denied bond after finding that Petitioner had not established that he was a suitable bail risk and that he presented a risk of flight. *See* ECF No. 6-5.

Pursuant to the Court's July 8, 2026 Order [ECF No. 7], Petitioner had five days after Respondent filed the Supplemental Response to file a reply and refute the information presented in the Response. Nineteen days have passed, and Petitioner has not filed a reply nor otherwise disputed Respondent's representations or supporting evidence.

A writ of habeas corpus may issue to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Nevertheless, federal courts are limited by Article III of the Constitution to resolving actual, ongoing cases or controversies. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Id*. at 1336.

Here, Petitioner received an individualized bond hearing before an Immigration Judge after receiving written notice five days before the hearing. *See* ECF Nos. 6-5, 8-1. The Immigration Judge denied bond after finding that Petitioner presented a flight risk. *See* ECF

No. 6-5. To the extent Petitioner challenges that discretionary determination, this Court lacks jurisdiction to review or set aside the Immigration Judge's denial of bond. *See* 8 U.S.C. § 1226(e). Accordingly, Petitioner is not entitled to the relief requested in the Petition.

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED AS MOOT**.

The clerk of court is directed to **CLOSE** this case.

All pending motions, if any, are **DENIED AS MOOT,** and all deadlines are terminated.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 4th day of August, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**